IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>THE IVY SS L.L.C d/b/a IVY SMOKE & VAPE and SULAIMAN SULAIMAN,<br><br>                Defendants. | Civil Case No. 1:24-cv-05402 |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiff, GS HOLISTIC, LLC (hereinafter referred to as "GS"), by and through its undersigned counsel, hereby files this, its Complaint against the Defendants, THE IVY SS L.L.C d/b/a IVY SMOKE & VAPE and SULAIMAN SULAIMAN (collectively, "Defendants"), and alleges, as follows:

**Jurisdictional Allegations**

1. This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

**Venue**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The Defendants reside in this district. The cause of action occurred in this district. A substantial portion of the

events giving rise to these claims occurred in this judicial district, and the Defendants have extensive contacts with this judicial district relating to GS's claims. Defendants have conducted and do conduct regular and systematic business transactions in this judicial district, which include direct sales to consumers in this judicial district. It is these direct sales which have violated GS's intellectual property rights.

## Parties

4. GS HOLISTIC, LLC is a Delaware Limited Liability Corporation that has its principal place of business at 7162 Beverly Boulevard, #207, Los Angeles, California 90036. GS is the registered owner of the Stündenglass trademarks.

5. THE IVY SS L.L.C d/b/a IVY SMOKE & VAPE (hereinafter referred to as "IVY SMOKE & VAPE") is a Limited Liability Company that was organized and existing under the laws of the State of Illinois and has its principal place of business at 1346 West Irving Park Road, Chicago, IL 60659. SULAIMAN SULAIMAN owns and operates the IVY SMOKE & VAPE at that location. IVY SMOKE & VAPE is a citizen of Illinois.

6. SULAIMAN SULAIMAN is domiciled in and a resident of Chicago, Illinois, and is *sui juris.* SULAIMAN SULAIMAN is a citizen of Illinois and regularly conducts and solicits business in the State of Illinois (including this Judicial District). SULAIMAN SULAIMAN is the registered agent and publicly listed as the manager of, THE IVY SS L.L.C d/b/a IVY SMOKE & VAPE. SULAIMAN SULAIMAN controls and directs the activities, including the infringing activities, of Defendant THE IVY SS L.L.C d/b/a IVY SMOKE & VAPE.

## Facts Common to All Counts

**The History of The Stündenglass Brand.**

7. Since 2020, GS has marketed and sold products using the well-known trademark "Stündenglass." The Stündenglass branded products, such as Gravity Infusers and accessories related thereto, are widely recognized nationally and internationally. Indeed, the Stündenglass brand is one of the leading companies in the industry, known for high quality and innovation of products.

8. For approximately four years, GS has worked to distinguish the Stündenglass brand as the premier manufacturer of Gravity Infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior infusing experience. Stündenglass branded products embody a painstaking attention to detail, which is evident in many facets of authentic Stündenglass branded products. It is precisely because of the unyielding quest for quality and unsurpassed innovation that Stündenglass branded products have a significant following and appreciation amongst consumers in the United States and internationally.

9. As a result of the continuous and extensive use of the trademark "STÜNDENGLASS," GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark.

10. GS is the rightful owner of United States trademarks, which are registered on the Principal Register. The following is a list of GS's relevant federally registered trademarks:

    a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

    b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

international class 034.

  c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

11. The above U.S. registrations are valid, subsisting and in full force and effect. True and correct copies of the Trademark Registrations are attached hereto and marked as Exhibit "A." Hereinafter, GS utilizes the phrase "Stündenglass Marks" to refer to, collectively, GS's federally registered, above-listed trademarks.

**The Stündenglass Brand in the United States.**

12. GS has used the Stündenglass Marks in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing and sale of Gravity Infusers and accessories.

13. The Stündenglass Marks are distinctive to both the consuming public and the Plaintiff's trade. GS's Stündenglass branded products are made from superior materials. The superiority of Stündenglass branded products is not only readily apparent to consumers, but to industry professionals as well.

14. The Stündenglass Trademarks are exclusive to GS and appear clearly on GS's Stündenglass Products, as well as on the packaging and advertisements related to the products. GS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting these Trademarks. As a result, products bearing GS's Stündenglass Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from GS.

15. GS's Stündenglass Products have become some of the most popular of their kind

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Because of these and other factors, the GS brand, the Stündenglass brand, and GS's Stündenglass Trademarks are famous throughout the United States.

16. Since 2020, GS has worked to build significant goodwill in the Stündenglass brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion.

17. In fact, Stündenglass Products have been praised and recognized by numerous online publications, as well as publications directed to the general public.

18. Due to the high quality of the brand and products, GS has collaborated with numerous celebrities and companies to create collaborations for the Stündenglass products.

19. GS sells its products under the Stündenglass Marks to authorized stores in the United States, including in Ohio. GS has authorized approximately 3,000 stores in the United States to sell its products. As such, Stündenglass branded products reach a vast array of consumers throughout the country.

20. It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. For example, a Stündenglass brand Gravity Infuser is priced at retail at $599.95, while a counterfeit non-Stündenglass Gravity Infuser with the fake Stündenglass mark is being sold for a range of $199 to $600.

21. It is exactly because of their higher sales value that Stündenglass branded products are targeted by counterfeiters. The counterfeiters tarnish the Stündenglass brand by unlawfully selling Gravity Infusers that have identical, or nearly identical, versions of the Stündenglass Marks

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

affixed to products that are made with inferior or different materials, thereby leading to significant illegitimate profits by SULAIMAN SULAIMAN, such as the Defendants in the instant case.

22. In essence, the Defendants mislead consumers by selling in their stores low grade products that take a free ride on the goodwill of the Stündenglass brand, and in turn, the Defendants not only reap ill-begotten profits but damage GS's reputation by associating GS's name with low quality goods that it didn't condone or produce. This obviously creates long term irreparable damage as GS must then repair a reputation it did not earn, and consumers will be tainted by exposure to low quality knock offs. This is especially true when consumers' expectations are raised having intended to buy what is marketed and priced as a luxury good. This type of damage is difficult to measure, long lasting, and costly in time, effort, and resources required to remedy as well as a diversion of profits. The Defendants' offering for sale of counterfeit Stündenglass products contributes to the complete flooding of the marketplace with Stündenglass counterfeit products, which results in lost sales and damages to GS and irreparable harm to the Stündenglass brand's image.

23. Moreover, GS offers a 10-year warranty on its products, and when the counterfeit products break or need repair, innocent purchasers learn that they do not have a warranty on the goods, tarnishing GS's public image.

24. The sale of the counterfeit products also cause harm to GS in that legitimate store owners will not purchase authentic Stündenglass Gravity Infusers when stores selling counterfeit products are selling products which appear to be identical and at half the price which authentic products can be sold.

25. Unfortunately, the current U.S. marketplace is saturated with counterfeit Stündenglass products – just like those SULAIMAN SULAIMAN, through his store, IVY

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

SMOKE & VAPE, is offering for sale. As such, GS has been forced to scrupulously enforce its rights in order to protect the Stündenglass Marks against infringement. By exercising its Enforcement Rights, GS has proactively and successfully policed the unauthorized use of the Stündenglass Marks and/or counterfeit Stündenglass branded products nationwide. GS has had to bear great expense to seek out and investigate suspected counterfeiters in GS's attempt to clean up the marketplace.

**Defendants' Counterfeiting and Infringing Activities**

26. The Defendants operate a retail smoke shop through which they sell water pipes, cigarettes, electronic cigarettes, vaporizers, tobacco, and other smoking related devices.

27. The Defendants have offered for sale counterfeit Stündenglass products with the Stündenglass trademark and without the consent of GS. In fact, they have offered counterfeit Gravity Infusers bearing imitations of the Stündenglass Trademarks that were not made or authorized by GS. These are hereinafter the "Counterfeit Goods."

28. Nevertheless, the Defendants have offered for sale in commerce the Counterfeit Goods, specifically, the Defendants have offered for sale reproductions, counterfeits, copies and/or colorable imitations of one or more of the Stündenglass Marks (hereinafter the "Infringing Marks"), detailed above.

29. The Defendants have, without the consent of GS, offered for sale in their store, the Counterfeit Goods bearing the Infringing Marks, bearing the likeness of the Stündenglass Trademarks in the United States.

30. The marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

Stündenglass Trademarks. The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d).

31.  Moreover, the products upon which the Counterfeit Marks are affixed are almost identical to authentic products, so the offering for sale of the almost identical products with indistinguishable marks causes confusion in the marketplace among consumers.

Defendants' Counterfeit Product:



Plaintiff's Authentic Dr. Green Thumb Collaboration Infuser:




8

Plaintiff's Authentic Website Model of Pineapple Accessories in Use (sold separate).

32. In the ongoing investigation into the sales of counterfeit products bearing the fake Stündenglass Marks, IVY SMOKE & VAPE offered for sale Counterfeit Goods.

33. Specifically, on October 3, 2022, GS's investigator attended IVY SMOKE & VAPE's location, which was open to the public, and observed that it had a Gravity Infuser which appeared to display each of the Stündenglass Marks. The investigator purchased a Gravity Infuser with Stündenglass Marks affixed to it, from IVY SMOKE & VAPE, for a cost of $465.10, charged to the account of GS's investigator. Upon physical inspection by GS' investigator, the product was found to be a counterfeit product in that it displayed the Infringing Marks.

34. Attached hereto as Exhibit "B" are the photographic examples of the Defendants use of the Infringing Marks, taken from the Counterfeit Good. As seen in the pictures, the Counterfeit Good contained all three of GS's marks on it: U.S. Trademark Registration Number 6,633,884; U.S. Trademark Registration Number 6,174,292; and U.S. Trademark Registration Number 6,174,291. The Defendants use of the Counterfeit Marks is substantially indistinguishable, if not identical, to GS's Marks.

35. SULAIMAN SULAIMAN authorized, directed, and/or participated in IVY SMOKE & VAPE's offer for sale, in commerce, of the Counterfeit Goods. SULAIMAN

SULAIMAN's acts were a moving, active, and conscious force behind IVY SMOKE & VAPE's infringement of the Stündenglass Trademarks.

36. The Defendants' use of the counterfeit Stündenglass Trademarks began after the registration of the Stündenglass Trademarks. Neither GS, nor any of its authorized agents, have consented to the Defendants' use of the Stündenglass Trademarks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

37. The unauthorized offering for sale by IVY SMOKE & VAPE, under the authority, direction and/or participation of SULAIMAN SULAIMAN, of the Counterfeit Goods was an unlawful act in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

38. The offer for sale by the Defendants of the Counterfeit Goods bearing the Infringing Marks has caused GS to suffer losses and is likely to cause damage to the goodwill and reputation associated with the Stündenglass Trademarks, which are owned by GS.

39. IVY SMOKE & VAPE's use of the Stündenglass Marks includes displaying to offer for sale unauthorized copies of Counterfeit Stündenglass branded products. IVY SMOKE & VAPE's offering to sell the Stündenglass counterfeit products, bearing the Infringing Marks in this manner, was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

40. IVY SMOKE & VAPE used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks. The Infringing Marks affixed to the Counterfeit Goods that IVY SMOKE & VAPE has offered for sale are confusingly identical or similar to the Stündenglass Marks that GS affixes to its Gravity Infusers. The Counterfeit Goods and GS's goods are both

gravity infusers, and marks identical or confusingly similar to the Stündenglass marks appear on the Infringing Goods.

41. The Defendants' Infringing Goods travel in identical channels of trade and are sold to identical consumers as Stündenglass genuine goods.

42. The Gravity Infusers that IVY SMOKE & VAPE sells and offers for sale under the Infringing Marks are made of substantially inferior and/or different materials as compared to genuine Stündenglass brand products.

43. IVY SMOKE & VAPE has offered for sale its water pipes under the Infringing Marks through its retail convenience store.

44. IVY SMOKE & VAPE has marketed, advertised, and promoted its Counterfeit Goods under the Infringing Marks through point of purchase displays and provides branded packaging upon purchase.

45. IVY SMOKE & VAPE and SULAIMAN SULAIMAN's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by IVY SMOKE & VAPE, and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by IVY SMOKE & VAPE originate from, and are associated or affiliated with, or otherwise authorized by GS.

46. IVY SMOKE & VAPE and SULAIMAN SULAIMAN's acts are willful with the deliberate intent to trade on the goodwill of the Stündenglass Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's Gravity Infusers to IVY SMOKE & VAPE. The Defendants, as merchants of tobacco shop goods, are held to the standard of having specialized knowledge in the tobacco shop industry. It is readily apparent that the

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

Defendants, as merchants, have failed to conduct any reasonable inquiry into the authenticity of the goods sold by their shop and have acted with at least willful blindness as to GS's intellectual property rights in the Stündenglass Marks. IVY SMOKE & VAPE's acts are willful with the deliberate intent to trade on the goodwill of the Stündenglass Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's Gravity Infusers to IVY SMOKE & VAPE. The Defendant, as a merchant of tobacco shop goods, is held to the standard of having specialized knowledge in the tobacco shop industry. It is readily apparent that the Defendant, as a merchant, has failed to conduct any reasonable inquiry into the authenticity of the goods sold by their shop and has acted with at least willful blindness as to GS's intellectual property rights in the Stündenglass Marks. Here, the Defendant sold a counterfeit product purporting to be a Dr. Greenthumb's x Stündenglass gravity infuser with two Stündenglass Pineapple Globes for $465.10 whereas the authentic Dr. Greenthumb's x Stündenglass gravity infuser retails for $599.95 and the Pineapple Globes sold separately retail for $79.95 each. Furthermore, Stündenglass does not sell any gravity infuser with Pineapple Globes—the infusers and the Pineapple Globes are only sold separately as accessories. Further, the product sold by the Defendant lacked the authentication sticker which the Plaintiff has stated on its website is present on all authentic Stündenglass products. Finally, the product sold by the Defendant lacked any serial number which would be expected on an authentic Stündenglass product.

47. IVY SMOKE & VAPE and SULAIMAN SULAIMAN's acts have caused damage and immediate irreparable harm to GS, the Stündenglass Marks, and to its valuable reputation and goodwill with the consuming public for which GS has no adequate remedy at law.

48. As a proximate result of the unfair advantage accruing to SULAIMAN SULAIMAN and IVY SMOKE & VAPE's business from deceptively trading on GS's advertising,

sales, and consumer recognition, SULAIMAN SULAIMAN and IVY SMOKE & VAPE have made profits and gains to which they are not in law or equity entitled.

49. The injuries and damages sustained by GS has been directly and proximately caused by IVY SMOKE & VAPE and SULAIMAN SULAIMAN's offers for sale of their goods bearing infringements or counterfeits of the Stündenglass Marks.

50. Through such business activities, SULAIMAN SULAIMAN and IVY SMOKE & VAPE purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of Illinois, and in doing so, have knowingly harmed GS.

51. Furthermore, the sale and distribution of Counterfeit Goods by IVY SMOKE & VAPE has infringed upon the above-identified federally registered trademarks.

52. The spurious marks or designations used by IVY SMOKE & VAPE in interstate commerce are identical with, or substantially indistinguishable from, the Stündenglass Marks on goods covered by the Stündenglass Marks. Such use therefore creates a false affiliation between IVY SMOKE & VAPE, GS, and the Stündenglass Marks.

53. Due to the actions of SULAIMAN SULAIMAN and IVY SMOKE & VAPE, GS has been forced to retain the undersigned counsel and pay the costs of bringing an action forward. SULAIMAN SULAIMAN and IVY SMOKE & VAPE should be responsible for paying GS's reasonable costs of the action.

54. SULAIMAN SULAIMAN and IVY SMOKE & VAPE's acts have damaged, and will continue to damage GS, and GS has no adequate remedy at law.

55. Moreover, IVY SMOKE & VAPE and SULAIMAN SULAIMAN's wrongful acts will continue unless enjoined by the Court. Accordingly, SULAIMAN SULAIMAN and IVY SMOKE & VAPE must be restrained and enjoined from any further counterfeiting or infringement

of the Stündenglass Marks.

## Count One
## Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

56. The Plaintiff avers Paragraphs 1 through 55, which are stated above and incorporate the allegations therein, as though they are fully restated in this Count by reference.

57. GS owns the federally registered Stündenglass Trademarks, as set forth in more detail in the foregoing paragraphs.

58. The Defendants, without authorization from GS, have used in commerce a spurious designation that is identical with, or substantially indistinguishable from, the Stündenglass Trademarks on the same goods covered by the Stündenglass Trademarks.

59. The Defendants' unauthorized use of counterfeit marks of the registered Stündenglass Trademarks on and in connection with the Defendants' offer for sale in commerce is likely to cause confusion or mistake in the minds of the public.

60. The Defendants' conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the Stündenglass Trademarks.

61. The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

62. The Defendants' actions constitute the use by the Defendants of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

63. The Defendants' use in commerce of the counterfeit Stündenglass Trademarks has resulted in lost profits and business to GS, which are difficult to determine. The Defendants have also, by selling counterfeit Stündenglass products, caused considerable damage to the goodwill of the Stündenglass Trademarks, and diminished the brand recognition of the Stündenglass

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

Trademarks by introducing counterfeit products into the marketplace.

64. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count Two
## Federal False Designation of Origin 15 U.S.C. § 1125(a)

65. The Plaintiff avers Paragraphs 1 through 55, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

66. GS owns the federally registered Stündenglass Trademarks, as set forth in more detail in the foregoing paragraphs.

67. The Defendants, without authorization from GS, have used in commerce spurious designations that are identical with, or substantially indistinguishable from, the Stündenglass Trademarks on the same goods covered by the Stündenglass Trademarks.

68. The Defendants' unauthorized use of counterfeit marks of the registered Stündenglass Trademarks on and in connection with the Defendants' offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

69. The Defendants' unauthorized use in commerce of the Stündenglass Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. The Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the Stündenglass Trademarks.

71. The Defendants' conduct as alleged herein is causing immediate and irreparable

**THE TICKTIN LAW GROUP**
875 NORTH MICHIGAN AVENUE, 31ST FLOOR CHICAGO, IL, 60611
TELEPHONE: (561) 232-2222

harm and injury to GS, and to the goodwill and reputation of the Stündenglass Trademarks. Moreover, it will continue to cause damage to GS and confuse the public unless enjoined by this Court.

72. GS has no adequate remedy at law.

73. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests the following relief against the Defendants, as follows:

1. With regard to Plaintiff's Count I for trademark infringement:

    a. Statutory damages under 15 U.S.C. § 1117(c);

    b. Costs of suit; and

    c. Joint and several liability for SULAIMAN SULAIMAN, and other officers, and directors, for the knowing participation in the counterfeiting activities of THE IVY SS L.L.C.

2. With regard to Plaintiff's Count II for false designation and unfair competition:

    a. Disgorgement of profits under 15 U.S.C. § 1117(a);

    b. Treble damages under 15 U.S.C. § 1117(b);

    c. Costs of suit; and

    d. Joint and several liability for SULAIMAN SULAIMAN, and other officers, and directors, for the knowing participation in the counterfeiting activities of THE IVY SS L.L.C.

3. Preliminarily and permanently enjoining THE IVY SS L.L.C and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

  a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Stündenglass product identified in the Complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof;

4. Pursuant to 15 U.S.C. § 1116(a), directing THE IVY SS L.L.C to file with the Court and serve on the Plaintiff's within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which THE IVY SS L.L.C has complied with the injunction;

5. For an order from the Court requiring that the Defendants provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

6. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the THE IVY SS L.L.C's possession, which rightfully belong to the Plaintiff;

7. Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the Defendants' authority, at its cost, be required to deliver up to the Plaintiff for destruction

17

all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Trademarks.

8. For any other and further relief as the Court may deem just and equitable.

## **Demand for Jury Trial**

The Plaintiff demands a Jury Trial on all issues so triable.

Date: June 27, 2024

                                                Respectfully submitted,

                                                */s/ Ryan S. Fojo*
                                                Ryan S. Fojo
                                                IL Bar # 6305940
                                                The Ticktin Law Group
                                                875 North Michigan Ave
                                                31st Floor
                                                Chicago, IL 60611
                                                Serv605@LegalBrains.com
                                                Serv549@LegalBrains.com
                                                Telephone: 561-232-2222

                                                *Attorney for the Plaintiff*